OPINION OF THE COURT
Rosalyn H. Richter, J.
In these three cases, which have been consolidated by the court for decision, defendants are charged with being an unlicensed general vendor in violation of Administrative Code of the City of New York § 20-453. This code section provides, in pertinent part, that: "It shall be unlawful for any individual to act as a general vendor without having first obtained a license”. Administrative Code § 20-452 (b) defines a general vendor as: "A person who hawks, peddles, sells, leases or offers to sell or lease, at retail, goods or services * * * in a public space.” Defendants, as part of their omnibus motions, have moved to dismiss the charges for facial insufficiency pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a).
The complaints allege that a police officer observed each defendant standing on the street and that defendant did "display and offer for sale” merchandise that was spread out on a milkcrate or on a briefcase. The complaints against defendants Cheikh and Diouf allege that the officer saw each defendant "hold out and show” the merchandise to at least one passer-by, but no such allegation is contained in the *889 complaint against defendant Daouda. All three complaints state that at the time of the officer’s observations, defendant was not displaying a license issued by the Department of Consumer Affairs and could not produce one when asked to do so.
Defendants move to dismiss the complaints as insufficient contending that they do not contain any facts to establish that defendants offered the items for sale. In particular, defendants contend that there are no facts in the complaint to show that defendants said anything to induce individuals to buy the items, that any prices were discussed or that the merchandise had a price tag on it. Defendant Daouda argues further that the complaint against him is deficient because it does not even establish that there were any passers-by in the area or that he showed the goods to anyone.
A complaint must contain a statement of facts of an evidentiary nature supporting or tending to support the charges. (CPL 100.15 [3]; see also, People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].) In the three cases at issue here, the officer’s statement that the defendant "displayed] and offer[ed] the items for sale” is conclusory and is insufficient to meet this requirement. (See generally, People v Rodriguez, 140 Misc 2d 1 [Crim Ct, NY County 1988].) However, the descriptions of the defendants’ conduct contained in the complaints against defendants Cheikh and Diouf are sufficient to comply with CPL 100.15 (3).
Administrative Code § 20-453 does not require that there be a completed sale or that there be any customers for the items. Rather, it prohibits an individual from selling or offering to sell items without the appropriate licenses. Thus, the only question for this court to resolve is whether the description of the defendant’s conduct is sufficient to establish that he was offering the items for sale. Though a sign advertising a price or an explicit statement asking passers-by if they wished to purchase the items would, quite obviously, be evidence that the items were for sale, this is not the only way in which the defendant’s intent to sell the items could be established. Here, the complaints against defendants Cheikh and Diouf allege that they had merchandise spread out for display on a public street and that they approached at least one individual and showed them the merchandise. Though the police officer did not hear either defendant quote a price for the items or ask the passer-by for money, the conduct described in the com *890 plaint is circumstantial evidence that defendant was trying to sell the items.
Moreover, the nature of the items involved is relevant to the court’s determination of whether defendant was acting as a vendor. Defendant Cheikh allegedly had costume watches on display and defendant Diouf was displaying pocketbooks. These are not items that an individual would generally have more than one of. Thus, the defendant’s display of a quantity of these items, combined with his approaching passers-by, is sufficient proof, for pleading purposes, that he was seeking to sell the items.
The more difficult issue is the adequacy of the complaint against defendant Daouda, which contains no allegations that the defendant approached anyone or attempted to show anyone the cassette tapes that he had spread out on the milk-crate. Though the defendant’s display of the items suggests that he may have been trying to sell them, this is not enough, by itself, to establish that defendant was acting as a vendor. In addition to the absence of any facts concerning prospective buyers, the complaint fails to state how many cassette tapes were displayed. Thus, the court cannot determine whether defendant had only a few cassettes, which might have been for his personal consumption, or cartons of tapes, which would have been evidence of his intent to sell the items. The complaint also fails to indicate whether the defendant was looking up and down the street for possible customers, which also would have been evidence of his intent to sell. Finally, the fact that the defendant was standing there for five minutes is not, by itself, evidence that he was intending to sell the items. In dismissing the complaint against defendant Daouda, the court recognizes that the manner in which these items were displayed is typical of the current practice of street vending in New York City. However, this court cannot take judicial notice of this and must dismiss this complaint because it does not contain sufficient factual allegations to comply with the CPL.
Defendants also argue that the complaints have not been converted to an information because the prosecution has not filed a supporting deposition from the Department of Consumer Affairs to establish that defendant did not have the required license. CPL 170.30 (1) (a) and 170.35 (1) (a) require that the complaint and supporting depositions provide non-hearsay allegations which establish, if true, every element of the charged crime. (See, People v Alejandro, 70 NY2d 133, *891 supra.) An essential element of the crime at issue here is that defendant was not properly licensed. The People argue that the facts contained in the complaint, i.e., that defendant was not displaying a license and could not produce one when asked, combined with the supporting deposition from the arresting officer, are sufficient to convert this complaint to a misdemeanor information.
Defendant’s failure to display a license does not establish that the defendant was unlicensed in violation of Administrative Code § 20-453. (See, People v Mauro, 147 Misc 2d 381 [Crim Ct, NY County 1990]; People v Roberts, Docket No. 7N003269, Crim Ct, NY County, Mar. 1987; People v Papa, Docket No. 6N108847, Crim Ct, NY County, Feb. 1987.) There is no provision in the Administrative Code that provides that the failure to display a vendor’s license is presumptive proof that the defendant is, in fact, unlicensed. Similarly, the defendant’s statement that he could not produce a license when asked to do so by the arresting officer is not an admission that he did not have one at all.
The supporting deposition filed in the instant three cases is a form that is filed in virtually every unlicensed vendor case in New York County. That form indicates that a police officer has examined an "official list” of licensees kept by the Department of Consumer Affairs and that defendant’s name is not on that list. The police officer’s statement regarding the list kept by the Department of Consumer Affairs is hearsay and is insufficient to convert this case to an information. Numerous courts have held that the nonhearsay requirement of CPL 100.15 (3) means that the supporting deposition and the facts contained therein must be based on firsthand knowledge or be admissible at trial under some other evidentiary principle. (See, People v Mauro, 147 Misc 2d, supra, at 385-386; People v Flushing Hosp. & Med. Center, 122 Misc 2d 260, 266-268 [Crim Ct, Queens County 1983]; People v Haskins, 107 Misc 2d 480 [Crim Ct, NY County 1981].) Since the police officer who prepares the form deposition does not work for the Department of Consumer Affairs, the officer has no firsthand knowledge of defendant’s license status. Rather, the officer is relying on information provided by another person or agency. Thus, the supporting deposition is admissible only if it fits within some exception to the hearsay rule.
The prosecution has failed to show that the police officer is a custodian of the records at the Department of Consumer Affairs or that the officer has any knowledge of that agency’s *892 record-keeping practices. It is certainly not the regular practice of the police department to issue or maintain such a list. Furthermore, though the supporting deposition says that the officer saw an “official list”, we have no idea whether the document examined by the police officer was even a certified copy of the records kept by the Department of Consumer Affairs. Thus, no basis exists for admitting the statements in the police officer’s deposition under the business records exception to the hearsay rule. (See generally, People v Shand, NYLJ, Sept. 28, 1990, at 23, col 3 [welfare investigator’s statement that he had read records of defendant’s employer was hearsay]; People v Fulton, NYLJ, Dec. 1, 1988, at 26, col 5 [supporting deposition from welfare employee insufficient because employee was not custodian of defendant’s employment records]; People v Haskins, 107 Misc 2d, supra, at 482-483 [supporting deposition in that case did not meet foundation requirements for a business record].)
The absence of the supporting deposition from the Department of Consumer Affairs does not require dismissal of the cases against defendants Cheikh and Diouf. Rather, the People are entitled to an opportunity to convert these cases to an information within the time prescribed by CPL 30.30. In sum, the motions to dismiss the complaints against defendants Cheikh and Diouf are denied. The motion to dismiss for facial insufficiency is granted as to defendant Daouda.