OPINION OF THE COURT
Denis J. Boyle, J.
The four cases before me arise out of similar factual circum *113 stances, implicate correspondingly similar legal issues and are consolidated for decision. In each, the defendant is charged with one count of unlicensed general vendor in violation of Administrative Code of the City of New York § 20-453.
All defendants have moved to dismiss the complaints against them as defective. The respective motions to dismiss are grounded on two arguments. First, that the complaints are insufficient because they do not adequately allege "facts of an evidentiary character” in support of an essential element of the crime, that is, that defendants were "vending” within the meaning of the statute.
Alternatively, defendants argue that the complaint must be dismissed for failure to adequately allege that they did not have a license from the New York City Department of Consumer Affairs.
The thrust of defendants’ first argument goes to the sufficiency of the facts alleged and whether or not they provide a threshold prima facie case. Insofar as is pertinent, the provisions of CPL 100.40 state "[t]he allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged” and that these allegations "establish, if true, every element of the offense charged and the defendant’s commission thereof’. (CPL 100.40 [1] [b], [c].)
Defendants’ second argument in support of their motion to dismiss is addressed not to the sufficiency of the factual content of the allegations, but to the manner and form in which those allegations are asserted. CPL 100.40 (1) (c) requires that the allegations of the factual part of the accusatory instrument be "non-hearsay” in character. For reasons which will be expanded upon infra, defendants contend that the allegations concerning their lack of a license rest upon hearsay.
The terms of Administrative Code § 20-453 provide: "§ 20-453 License required. It shall be unlawful for any individual to act as a general vendor without having first obtained a license in accordance with the provisions of this subchapter, except that it shall be lawful for a general vendor who hawks, peddles, sells or offers to sell, at retail, only newspapers, periodicals, books, pamphlets or other similar written matter, but no other items required to be licensed by any other provision of this code, to vend such without obtaining a license therefor.”
*114 As is apparent, upon reference to the statute, one of the requisite elements incident to the crime of unlicensed general vendor is that the defendant be engaged in vending. Defendants contend that in none of the cases before me do the facts alleged suffice to establish that any defendant was vending. Resolution of this branch of defendants’ motions requires review of the distinct factual allegations contained in each information.
Defendant Sylla is charged, in substance, with having on November 13, 1991 at 12:30 p.m. in front of 610 Fifth Avenue, stood "for a period of approximately one minute immediately behind a briefcase” containing costume watches. It is further alleged that these watches were "spread out for sale” on the briefcase. Similarly, defendant Mbaye is charged with displaying and offering costume watches for sale, in that, on the same date, at approximately 12:25 p.m., opposite 603 Fifth Avenue, he stood "for approximately one minute” holding in his hand costume watches which were "spread out for sale thereon.” Parenthetically, I note that the allegations reflected on the Mhaye complaint are so lacking in grammar and sequence that they are intelligible only with reference to the supporting deposition.
Defendant Mark Fall is charged with having displayed and offered for sale costume watches on November 13, 1991 at 12:35 p.m., on the northwest corner of 48th Street and Fifth Avenue. Specifically, it is alleged that he was observed "standing for a period of approximately two minutes immediately behind a briefcase” with the watches "spread out for sale thereon.” Additionally, it is also alleged that Fall held out and showed the merchandise to "one passerby.”
The factual allegations which underlie the complaint against defendant Chiekh largely parallel those against Fall. Chiekh is charged with, on the same date and at approximately the same time and place as Fall, "standing for a period of approximately two minutes immediately behind a briefcase 'with costume watches’ spread out for sale thereon.” Additionally, it is alleged that he was observed to "hold out and show [the watches] to one passerby.”
Defendants maintain that the language in the respective complaints that an officer saw the defendant "display and offer for sale” watches is conclusory rather than factual. They argue that in none of the complaints were actual words of sale allegedly used and that defendants are not alleged to have *115 called out or made any verbal offers. Further, the complaints fail to allege how many watches were used or displayed or in what manner they were "spread out.” Moreover, defendants point out that in none of the instant cases was there mention of a price being offered or of price tags being visible. The defendants also argue that two of the complaints here in issue (docket Nos. 91N105592 and 91N105671) are factually inadequate for failure to allege that any passersby or potential customers were either in the vicinity or observed the watches allegedly on display.
In sum, they argue that the facts alleged in each information do not satisfy the Administrative Code definition of vending, to wit, "[t]o hawk, peddle, sell, lease, offer to sell or lease, at retail, goods or services other than food in a public space.” (Administrative Code § 20-452 [h].)
I find to the contrary as to each complaint. Certainly, as to the Fall and Chiekh complaints (docket Nos. 91N105614 and 91N105650) the allegations that the defendants each were observed to "hold out and show the * * * merchandise to one passerby” more than suffice to establish that defendants were engaged in vending.
Further, while defendants Sylla and Mbaye correctly contend that the complaints against them do not allege that defendants verbally or otherwise overtly sought payment for the goods displayed, it does not follow that payment was not suggested by the circumstances. Indeed, the conclusion that the merchandise in question was displayed for the purpose of selling it can be gathered from many of the facts alleged.
Initially, I note that the nature of the items displayed, i.e., watches, is such that one would not ordinarily have more than one with them on any given occasion. That the defendants in each of these complaints are alleged to have had a number of watches is indicative that defendants were not carrying the watches for personal use but instead desired to sell them. (Cf., People v Diouf, docket No. 9N11894, Richter, J.)
I note, also, the time and location of these incidents. Each allegedly occurred around midday in midtown Manhattan. Under the circumstances, a constant flow of potential customers could be anticipated. For this reason I find that the failure to allege the presence of others in either the Sylla or Mbaye complaints is not meaningful. To the contrary, the allegations as to time and place further reflect on defendants’ commercial purposes.
*116 The openness with which the goods were displayed in each case also suggests that defendants herein sought to have their wares reviewed by those who would pass by. Coupled with this, the stationary position assumed by the defendants immediately behind their open briefcases demonstrated both the availability of the merchandise and the defendants to discuss same. That such conduct was for the purpose of promoting sales is apparent in the Chiekh and Fall cases, given the additional allegations in those cases.
Yet, the absence of similarly aggressive soliciting in the Sylla and Fall cases does not render those complaints insufficient. Certainly an offer to sell may be conveyed in ways other than verbal and need not be aggressive to be effective. Each of the enumerated factors, including the nature of the goods; their plurality in number; the time, location and manner of display and the obvious, if implicit, availability of the defendants are hallmarks of a commercial endeavor. Taken together, the convergence of these factors suffices to establish, prima facie, that defendants were operating as vendors within Administrative Code § 20-453.
Defendants have also argued that the complaints are each insufficient for failure to adequately allege that they did not have licenses issued by the Department of Consumer Affairs. An essential element of the crime of unlicensed general vending concerns a defendant’s failure to have obtained a license to act as a general vendor.
As indicated, supra, the thrust of this branch of defendants’ motions to dismiss is premised on the provisions of CPL 100.40 (1) (c) which require that the factual allegations in support of the information be "non-hearsay” in character. Defendants’ arguments in this regard are twofold. They contend that each of the complaints in issue attribute the information relied upon to an individual who has not signed a supporting deposition, thereby rendering the allegations in the complaint uncorroborated.
Defendants forward the additional argument that supporting depositions from members of the New York City Police Department cannot, in any event, serve to corroborate allegations that defendants did not have a duly issued license. They maintain that only a supporting deposition from an appropriate person within the Department of Consumer Affairs itself can provide the firsthand, nonhearsay information required by CPL 100.40 (1) (c).
*117 Defendants are correct as to each of these contentions. Examination of the supporting deposition filed in each of these cases reveals that the signer of the supporting deposition is not the officer named in the complaint as the source of the deponents’ information. In People v Sylla, the deponent to the complaint named Officer Ambrosio as the source of this information, yet the sworn deposition submitted in support thereof is signed by an Officer Salvatore Lago. Similarly, in People v Mbaye, the deponent states that he was relying upon information conveyed to him by an Officer Caban but the accompanying supporting deposition is signed by Officer Charles Fitzgerald. Moreover, in the cases of People v Fall, and People v Chiekh, the deponents identify Officers Firscia and Mallien, respectively, as the sources of their information. However, the supporting depositions filed as to each docket are signed by officers not named in the complaints. This lack of correspondence between the signatures on the supporting depositions and the names of the people in the complaints from whom the information contained therein was acquired operates to render that information hearsay. For this reason, the complaint cannot be deemed converted.
The complaints in the Sylla, Fall, and Chiekh cases are flawed, as well, by the failure to file a supporting deposition from the New York City Department of Consumer Affairs.[1] In so concluding, I do not accept the People’s contention that allegations from the deponent police officer as to his review of "official” records obviate the need for an additional corroborating affidavit from the Department of Consumer Affairs. Specifically, the language in issue is framed in each complaint as follows:
At the time of deponent’s observations defendant was not displaying a license issued by the Department of Consumer Affairs and could not produce one when asked and, moreover, the officer has examined an official list of vendors licensed by the Department of Consumer Affairs and defendant’s name does not appear on that list.
As recognized in People v Mauro (147 Misc 2d 381, 388), "[w]hile the failure to produce a license provides reasonable cause that the person was not licensed and satisfies CPL 100.40 (4) (b), it does not 'establish’ that element of the offense *118 as is required by CPL 100.40 (1) (c) to make the instrument an information because the person could in fact be licensed even though the license was not produced * * * or was not displayed.”
Moreover, the "mere” statement that deponent read the official records is not sufficient to satisfy the statutory mandate of CPL 100.40 (1) (c) (People v Conoscenti, 83 Misc 2d 842, 845). In so holding, I recognize that hearsay which would be admissible at trial constitutes nonhearsay for purposes of CPL 100.40. (See, People v Caraballo, 135 Misc 2d 536; People v Rosa, docket No. 91N023863, Crim Ct, Oct. 1991, Goldberg, J., and cases cited therein.) I recognize as well, that business records, given a proper foundation as a predicate to their admissibility at trial, may qualify as exceptions to the hearsay rule and thereby qualify as nonhearsay for purposes of CPL 100.40. (See, People v Conoscenti, supra; People v Fulton, NYLJ, Dec. 1, 1988, at 26, col 5; People v Diouf, supra.)
However, the rationale allowing such records into evidence as exceptions to the hearsay rule follows from "the unusual degree of trustworthiness and reliability of such records owing to the fact that they [are] kept regularly, systematically, routinely and contemporaneously * * * The element of unusual reliability is supplied by systematic checking, by regularity and continuity which produce habits of precision * * * (see, Williams v Alexander, 309 NY 283, 286).” (People v Kennedy, 68 NY2d 569, 579.)[2]
When measured against these considerations it must be concluded that in neither the Chiekh, Fall nor Sylla complaints is there any language from which a foundation for the admissibility of these records can be ascertained.
A member of the New York City Police Department, not acting as custodian for, or agent of, the Department of Consumer Affairs, is not in a position to know — first hand — if the records upon which he relied are compiled under circumstances that would make them sufficiently reliable as to permit their entry into evidence.
Further, the characterization of these records as "official” in no way serves to satisfy the requirement of CPLR 4518 or of the concerns which underlie those requirements.
Accordingly, I find that the allegations in docket Nos. *119 91N105592, 91N105671 and 91N105650, that defendants were not licensed rest entirely on hearsay. As such, they do not satisfy the dictates of CPL 100.40 (1) (c) and cannot provide a basis for converting these complaints to informations.
However, although the absence of proper supporting depositions precludes conversion of each of these complaints to informations, such absence does not render them facially insufficient. As held in People v Diouf (supra), "[t]he absence of the supporting deposition * * * does not require dismissal of the cases * * * Rather, the People are entitled to an opportunity to convert these cases to an information within the time prescribed by C.P.L. § 30.30.”
In sum, defendants’ motions to dismiss the accusatory instruments are each denied. However, I find that the respective misdemeanor complaints have not yet been converted to informations.

. A supporting deposition from the Assistant Director of License Issuance at the New York City Department of Consumer Affairs was filed in People v Mbaye.

. As noted in People v Kennedy (supra), these considerations serve as the underpinnings of the foundation requirement of CPLR 4518 (a).