OPINION OF THE COURT
Megan Tallmer, J.
This case raises the issue of how the People can satisfy the *218 requirement of CPL 100.40 (1) (c) that an information contain nonhearsay allegations establishing every element of the crime charged where the element in question is defendant’s lack of a general vendor’s license. Defendant in this case is charged with unlicensed general vending under section 20-453 of the Administrative Code of the City of New York, an essential element of which is that defendant has no license. The only allegations in the original complaint and arresting officer’s supporting deposition as to defendant’s lack of a license were that at the time of his arrest, defendant was not displaying a license from the Department of Consumer Affairs (DCA) and could not produce one when asked. In accordance with case law holding that these allegations are insufficient to establish the element of lack of a license (People v Mauro, 147 Misc 2d 381, 388 [Crim Ct, NY County 1990]), the People were directed to file a supporting deposition from DCA.
The additional supporting deposition filed by the People was sworn to by Alba Pico, who identified himself as the Assistant Director of License Issuance at DCA and custodian of the license files for DCA. Mr. Pico alleged that "[a] diligent search of the Departments’ [sic] license records reveals that on July 23, 1992 [defendant] did not have the requisite general vendor’s license.” Following the filing of this supporting deposition, defendant moved to dismiss the accusatory instrument as legally insufficient. Relying on People v Diouf (153 Misc 2d 887 [Crim Ct, NY County 1992]) and People v Sylla (154 Misc 2d 112 [Crim Ct, NY County 1992]), defendant argued that absent allegations that the records consulted by Mr. Pico were records kept in the ordinary course of business by DCA and that it was the regular course of DCA’s business to keep such records, Mr. Pico’s deposition did not convert the complaint to an information.
In People v Diouf (supra), the court, held that the allegation that a police officer examined an official list of licenses kept by the DCA was hearsay since the officer did not work for DCA and had no firsthand knowledge of defendant’s license status. (153 Misc 2d 887, 891-892.) Observing that the People had failed to show that the police officer was a custodian of DCA’s records, had any knowledge of DCA’s record-keeping practices or that the list examined by the officer was a certified copy of the records kept by DCA, the court concluded that there was *219 no basis for admitting the statements in the police officer’s disposition under the business records exception to the hearsay rule. (Supra.) In People v Sylla (supra), the court similarly ruled that without any allegations laying a foundation for the admission of records relied upon to determine defendant’s license status as business records, a complaint referring to such records is insufficient.
The court concurs with the holdings in Diouf (supra) and Sylla (supra), insofar as they hold that if business records are relied upon to make out an element of an offense, the complaint must allege satisfactorily that the records qualify as business records. The court would go farther, however, and hold that if the truth of the contents of a business record is necessary to establish an element of an offense, the record itself must be filed as a supporting deposition. Absent the record itself, or the relevant portion of the record, any reference to the contents of the record would be hearsay and thus insufficient to convert the complaint to an information. (See, People v Conoscenti, 83 Misc 2d 842, 845 [Suffolk Dist Ct 1975] [noting the double hearsay in a deponent’s statement as to his knowledge of the contents of the official records of a State agency where the records themselves were not before the court].)
Because the necessity of producing DCA’s records had not been raised by defendant or discussed in the People’s response to defendant’s motion to dismiss, the court invited the parties to address this double hearsay issue. In response to the court’s invitation, the People filed a superseding affidavit by Alba Pico. This affidavit alleges that every general vendor is required to obtain a DCA license, that records of all licenses issued are made in the regular course of DCA’s business and that it is DCA’s regular course of business to make records of such licenses at the time of their issuance or within a reasonable time thereafter. The final paragraph of Pico’s superseding affidavit asserts that he personally made a diligent search of DCA’s license records and found that there is no record that defendant had a general vendor’s license as of the date of the alleged offense.
The affirmation submitted with Pico’s superseding affidavit asserts that such affidavit is not hearsay because it does not incorporate any information contained in DCA’s records, but *220 merely alleges the absence of any record. The People argue that Pico’s allegation that he personally searched DCA’s files and found no record of a license issued to defendant is sufficient to convert the complaint to an information.
Although a plausible argument can be made that evidence of the absence of an entry is nonhearsay, the common-law rule, at least in civil cases, is to the contrary. (See, Boor v Moschell, 55 Hun 604, 8 NYS 583 [2d Dept 1889]; accord, Gravel Prods. v Sunnydale Acres, 10 Misc 2d 323 [Sup Ct, Erie County 1958].) As noted in the commentary to section 803 (c) (6) of the Proposed New York Code of Evidence (1992), this rule had been criticized and rejected in almost every other jurisdiction. In derogation of the common law, CPLR 4521 provides that a statement by an officer having legal custody of official records that he has made a diligent search of the records and has found no record or entry of a specified nature is prima facie evidence that the records contain no such record of entry. CPLR 4521 further provides that such a statement must be accompanied by a certificate that legal custody of the specified official records belongs to such person, which certificate shall be made by a person described in CPLR 4540. CPLR 4540 (b) in turn requires that a certificate authenticating New York State records be signed by or with a facsimile of the signature of the officer having legal custody of the original, or his deputy or clerk, with his official seal affixed. These provisions are applicable to criminal cases by virtue of CPL 60.10.
The superseding affidavit filed by Alba Pico recites that he is the custodian of DCA’s license files. This allegation satisfies the requirement of CPLR 4521 that the certification be made by an officer having legal custody of the original files. Pico’s superseding affidavit does not, however, have an official seal affixed to it. Because such a seal is necessary to comply with the requirements of CPLR 4521 and 4540 (b), the allegations in Pico’s superseding affidavit do not constitute prima facie evidence of defendant’s lack of license.
Although Pico’s superseding affidavit accordingly is insufficient to convert the complaint to an information, the proper remedy is to deem the accusatory instrument a misdemeanor *221 complaint and permit the People to file an affidavit conforming to CPLR 4521 and 4540.* (See, People v Gore, 143 Misc 2d 106,108-109 [Crim Ct, Kings County 1989].)
A Mapp hearing is granted. Defendant’s application for a Sandoval hearing is referred to the Trial Judge.

 Susan Kassapian, General Counsel and Assistant Commissioner for Legal Affairs to the Department of Consumer Affairs, advises that the agency does have an official seal. The court thus need not concern itself with fashioning some alternative means of certifying a statement of lack of record. (See, People v Brown, 128 Misc 2d 149, 153-154 [Madison County Ct 1985] [certification of New York State Police records].)