OPINION OF THE COURT
Harvey Glasser, J.
Defendant Eiob Abdul is charged with acting as a general vendor without a license in violation of Administrative Code *512 of the City of New York § 20-453. The defendant now moves to dismiss for facial insufficiency.[1]
Administrative Code § 20-453 provides: "License required. It shall be unlawful for any individual to act as a general vendor[2] without having first obtained a license in accordance with the provisions of this subchapter, except that it shall be lawful for a general vendor who hawks, peddles, sells or offers to sell, at retail, only newspapers, periodicals, books, pamphlets or other similar written matter, but no other items required to be licensed by any other provision of this code, to vend[3] such without a license therefor.”
The complaint alleges that, at about 1:55 p.m., on September 11, 1992, at 36th Street and Seventh Avenue, Police Officer Menig:
"observed the defendant display and offer for sale costume watches. Specifically, the officer saw defendant standing for a period of approximately five minutes immediately behind a box and the above-described merchandise was spread out for sale thereon.
"At the time of the officer’s observations, defendant was not displaying a license issued by the Department of Consumer Affairs and could not produce one when asked and Moreover [sic] the officer has examined an official list of vendors licensed by the Department of Consumer Affairs and defendant’s name does not appear on that list.”[4]
The defendant contends that the information is defective because "[t]here are no allegations in the complaint that Mr. Abdul was vending except for the conclusory boilerplate language that 'the officer saw the defendant display and offer for sale costume watches.’ ” It is pointed out that there are no allegations that the defendant called out to any passerby, that *513 "any actual words of sale were used,” that any price was mentioned or that there were any price tags on the watches. Neither are there any allegations that any persons observed the watches, that anyone else was in the area, or that the defendant looked up and down the street. Without such allegations, the defendant argues, the allegations are insufficient to establish that he was selling or offering to sell watches.
The People counter that the allegation that the defendant stood behind a box on which costume watches were spread constitutes "sufficient circumstantial” evidence that the defendant was offering to sell watches.
No appellate authority addresses the issue of what would constitute sufficient allegations to establish that a defendant was selling or offering to sell goods or services in violation of Administrative Code § 20-453. The defendant has directed the court’s attention to a trial court decision, People v Diouf (153 Misc 2d 887).
Diouf (supra) involved three complaints, each of which alleged that merchandise was spread out on a milk crate or briefcase. The court held that the complaints against two of the defendants, Chiekh and Diouf, were sufficient to establish the defendants’ intent to sell goods, despite the fact that neither defendant was heard to quote a price for the items or to ask passersby for money. The fact that the defendants "had merchandise spread out for display on a public street and * * * they approached at least one individual and showed them the merchandise” (supra, at 889) provided circumstantial evidence that the defendants intended to sell the items.
In finding sufficient evidence of an intent to sell, another factor the court found significant was "the nature of the items involved.” (People v Diouf, supra, at 890.) Defendant Chiekh was displaying costume watches and defendant Diouf had pocketbooks spread out, "not items that an individual would generally have more than one of.” (Supra.)
The third defendant, Daouda, had cassette tapes spread out on a milk crate. There was no allegation that any individuals were approached. In finding that there were insufficient allegations of an intent to sell, the court reasoned that the tapes could have been for the defendant’s personal use.[5]
Defendant Abdul argues that the allegations in his com *514 plaint are similar to those in Daouda’s, thus, this court’s decision should be the same. However, the facts are not sufficiently analogous. Although the instant complaint also fails to allege that any passersby were approached, defendant Abdul was displaying costume watches, an item that a person would normally only wear or carry one of, unlike audio cassettes. The facts are instead more analogous to those in People v Sylla (154 Misc 2d 112).
Sylla (supra) involved four complaints alleging that defendants displayed costume watches. Two of the complaints, which alleged that the defendants held out and showed the merchandise to passersby, were held to be facially sufficient. The other two complaints were also found to be sufficient despite a lack of such allegations. The court considered several factors, including "the stationary position assumed by the defendants immediately behind their open briefcases” which "demonstrated both the availability of the merchandise and the defendants to discuss the same.” (Supra, at 116.)
The Sylla court also noted that "the nature of the items displayed, i.e., watches, is such that one would not ordinarily have more than one with them on any given occasion.” (Supra, at 115.) Another decisive factor was the time and location of the incidents. "Each allegedly occurred around midday in midtown Manhattan. Under the circumstances, a constant flow of potential customers could be anticipated.” (Supra.)
Similarly, the allegations in the instant complaint involved costume watches. They were spread out on a box, with the defendant standing behind the box. Further, the incident occurred on September 11, 1992, a Friday, at 1:55 p.m., at 36th Street and Seventh Avenue, in midtown Manhattan, i.e., a busy location at a busy time. This court is not required to ignore common sense or the significance of the conduct alleged.
Accordingly, the defendant’s motion to dismiss for facial sufficiency is denied.
Dunaway and Mapp hearings are granted.

. Subsequent to the filing of the defendant’s motion, the People have added a charge of Administrative Code § 20-461, i.e., failure to display a license upon demand by a police officer or other authorized City employee.

. Administrative Code § 20-452 (b) defines a general vendor, in relevant part, as "[a] person who hawks, peddles, sells, leases or offers to sell or lease, at retail, goods or services * * * in a public space.

. Vend is defined as "[t]o hawk, peddle, sell, lease, offer to sell or lease, at retail, goods or services other than food in a public space.” (Administrative Code § 20-452 [h].)

. The People have filed a corroborating affidavit from the Assistant Director of License Inssuance of the New York City Department of Consumer affairs, Alba Pico, who is also "custodian of the license files for the agency.” In the affidavit, Ms. Pico states that, upon making a diligent search of her agency’s license records, she found that defendant Abdul did not have a general vendor’s license on September 11, 1992.

. Because the complaint did not state how many tapes were displayed, "the court [could] not determine whether defendant has only a few cassettes, which might have been for his personal consumption, or cartons of tapes, which would have been evidence of his intent to sell the items. (People v Diouf, supra, at 390.)