OPINION OF THE COURT
Lucy Billings, J.
The People charge defendant Johnny Montanez with unlicensed general vending, a misdemeanor under Administrative Code of the City of New York § 20-453. He moves to dismiss the accusatory instrument on the ground of facial insufficiency. He also moves for an order compelling a bill of particulars and discovery and for preclusion and suppression of various categories of evidence. Because the court grants the motion to dismiss, as discussed below, the other motions need not be discussed.
I. THE PLEADINGS
The misdemeanor complaint and supporting deposition allege that on January 8, 1998, at 4:05 p.m., at 3616 Broadway, New York County, a New York City police officer observed defendant “display and offer for sale clothing.”
“Specifically, the officer saw defendant holding the above-described merchandise in his hand.
“The officer saw defendant showing the merchandise to numerous people.”
On these facts the People charged defendant with violating Administrative Code § 20-453. That section provides: “It shall be unlawful for any individual to act as a general vendor without having first obtained a license”. Administrative Code § 20-452 (b) defines a “general vendor” as: “A person who hawks, peddles, sells, leases or offers to sell or lease, at retail, goods or services”. To “vend” is to “hawk, peddle, sell, lease, offer to sell or lease, at retail, goods or services other than food in a public space” (Administrative Code § 20-452 [h]), and section 20-452 (d) includes within the ambit of “public space”: “All publicly owned property between the property lines on a street * * * including but not limited to a park, plaza, roadway, shoulder, tree space, sidewalk or parking space between such property lines. It shall also include, but not be limited to, publicly owned or leased land, buildings, piers, wharfs, stadiums and terminals.”
Defendant argues that the accusatory instrument fails to allege an essential element of the crime with the requisite specificity. He cites the absence of any allegations that defen *508 dant looked for possible customers, approached anyone, solicited any business, spoke any words of sale, displayed any price tags on the alleged merchandise, or acted in any other way indicative of intent to sell the merchandise. In sum, all the accusatory instrument alleges is that defendant was “holding” and “showing” “clothing” “to numerous people.” The information does not even specify how many items defendant was holding and showing or how long he did so.
In response, the People concede that the conclusion defendant was selling or offering to sell goods requires an assessment of all the circumstances of his actions. The People also list various temporal, spacial, and behavioral factors, both quantitative and qualitative, relating to his interactions with the goods and passersby as relevant circumstances necessary to an assessment and conclusion of “vending”. (Administrative Code § 20-452 [h].) The People do not read anything more into the accusatory instrument than that defendant was holding and showing clothing to numerous people. They maintain those allegations are enough.
II. THE ACCUSATORY INSTRUMENT’S FACIAL SUFFICIENCY
An information is sufficient on its face if it contains nonhearsay allegations of an evidentiary nature that provide reasonable cause to believe defendant committed every element of the offense charged. (CPL 100.15 [3]; 100.40 [1] [a], [c]; People v Alejandro, 70 NY2d 133, 137 [1987]; People v Hall, 48 NY2d 927 [1979].)
Under Administrative Code § 20-452 (b) and (h) and section 20-453 it is enough to be charged with unlicensed general vending if a person “offers to sell” (Administrative Code § 20-452 [b]) “at retail, goods or services other than food in a public space.” (Administrative Code § 20-452 [h].) Thus, a person who offers to sell one item of clothing in a public space without a license engages in unlicensed general vending within the express terms of these Administrative Code provisions.
The information here does allege that defendant offered to sell clothing to other persons. As defendant points out, the information does not specify how many items defendant offered or how long he did so. Under a literal reading of the statutes, however, offering one item for sale in a public space is unlawful. The court determines that the allegations here are still insufficient, however, for three reasons.
*509 A. Unlicensed General Vending Based on an Offer to Sell or a Sale
Both the Administrative Code provisions and the authority interpreting them support the proposition that one offer to sell goods in a public space without a license is sufficient basis for a charge of unlicensed general vending. In both People v Sylla (154 Misc 2d 112, 115 [Crim Ct, NY County 1992]) and People v Diouf (153 Misc 2d 887, 889 [Crim Ct, NY County 1992]), the court held that approaching one person and showing the person merchandise, indicia of an offer to sell, were sufficient evidence of vending under the same statute that defendant is charged with violating here.
Too broad an application of the statutory provisions and the standard suggested by these cases, however, would subject persons to criminal penalties merely because they engaged in a private transaction with another person, which happened to occur in a public place. In fact, the accusatory instrument in this case alleges nothing more, except that defendant showed the clothing he was holding “to numerous people.” A person could not reasonably anticipate that such behavior would violate the law, and criminal penalties for such behavior might be vulnerable on overbreadth grounds. (See, e.g., People v Tichenor, 89 NY2d 769, 776 [1997].) The court need not determine the constitutional issue in this case, however, because here the accusatory instrument fails to meet even the minimum requirements imposed by CPL 100.15 (3); 100.40 (1) (a), (c); Administrative Code § 20-452 (b), (h); § 20-453, and the authority interpreting them.
B. The Lack of Additional Evidentiary Support for Unlicensed General Vending
Here, there are insufficient specific facts, in addition to the allegation that defendant displayed clothing and offered it for sale, that defendant engaged in unlicensed general vending. The bare allegation that defendant displayed clothing and offered it for sale does not convey sufficient evidentiary definiteness to satisfy pleading requirements; by itself, that allegation is too conclusory. When it is taken together with the remainder of the pleadings, the accusatory instrument as a whole lacks enough additional specific evidence to support a conclusion that defendant was in fact offering goods for sale and thus engaging in prohibited activity.
A conclusory statement is a “conclusion of fact without stating the specific facts upon which the conclusion is based.” *510 (Garner, A Dictionary of Modern Legal Usage, at 135 [1987 ed].) As the basis for the conclusion that defendant offered goods for sale, the accusatory instrument simply states that defendant was holding and showing clothing to numerous. people. These nonhearsay facts, if proved, would not establish even the bare element of an “offer to sell” required by the unlicensed general vending statutes. (Administrative Code § 20-452 [b], [h]; § 20-453.)
Few published opinions address the facial sufficiency of accusatory instruments charging unlicensed general vending. The available authority, dealing generally with the standards for pleading in unlicensed vending and trademark counterfeiting cases, however, provides guidance concerning factors relevant to intentional vending within the meaning of the Administrative Code. These factors include the nature and number of the items offered (People v Abdul, 157 Misc 2d 511, 514 [Crim Ct, NY County 1993]; People v Sylla, 154 Misc 2d, supra, at 115; People v Diouf, 153 Misc 2d, supra, at 890; People v Cisse, 171 Misc 2d 185, 188-189 [Crim Ct, Queens County 1996]); the manner in which the goods were displayed; the defendant’s conduct regarding his goods and the public (People v Abdul, 157 Misc 2d, at 514; People v Sylla, 154 Misc 2d, at 116; People v Cisse, 171 Misc 2d, at 189); and the time and location of the alleged offering of goods for sale. (People v Abdul, 157 Misc 2d, at 514; People v Sylla, 154 Misc 2d, at 115.)
The court agrees with the People that, contrary to defendant’s assertion, it is not necessary for the People to allege that he exhibited such overtly commercial behavior as aggressively soliciting business from passersby. The court will not “ignore common sense or the significance of the conduct” that the information alleges defendant did exhibit. (People v Abdul, 157 Misc 2d, supra, at 514.) The allegations as to defendant’s conduct in the information here, however, do not satisfy the People’s burden to plead that defendant engaged in unlawful activity.
The People plead too few facts and circumstances from which the court might infer defendant’s intent to offer his clothing for sale to the public. In stark contrast to People v Sylla (154 Misc 2d, supra, at 115-116) and People v Diouf (153 Misc 2d, supra, at 889-890), the information here does not allege that defendant approached members of the public to present his articles of clothing to them for inspection. (See also, People v Abdul, 157 Misc 2d, supra, at 514.) To the extent the information does allege that defendant showed his clothing to others, the allega *511 tions lack any specificity as to how long, how often, or to how many persons he displayed the item or items. (People v Abdul, 157 Misc 2d, at 514; People v Sylla, 154 Misc 2d, at 115-116; People v Diouf, 153 Misc 2d, at 889-890.) The allegations lack any specificity as to the kind or amount of clothing displayed, to indicate it was not an item normally possessed in that quantity or in a public place for noncommercial purposes. (People v Abdul, 157 Misc 2d, at 514; People v Sylla, 154 Misc 2d, at 115; People v Diouf, 153 Misc 2d, at 890.)
Although the information alleges that defendant held the clothing, the information lacks any other allegations as to how or where defendant positioned himself in relation to the clothing or passersby. Also absent are any allegations as to whether or how defendant solicited or received any expression of interest in what he was holding or whether or how he solicited or permitted passersby to examine it. Allegations regarding such conduct would have “demonstrated * * * the availability of the merchandise and the defendant! ] to discuss same”, both hallmarks of commercial activity. (People v Sylla, 154 Misc 2d, supra, at 116.)
In sum, the information lacks any description of defendant’s behavior in allegedly showing his goods to others, whether he or they manifested any interest in a sale of any kind, or any other acts suggestive of a sale or intent to sell. He is not alleged to have said anything or conveyed any message in any way. Nothing supports an inference that he intended to engage in commercial activity.
C. The Lack of Allegations That Defendant Was in a Public Space
The requirement that general vendors obtain licenses “is designed to meet the city’s compelling interest in regulating pedestrian traffic on crowded city streets.” (People v Bissinger, 163 Misc 2d 667, 673 [Crim Ct, NY County 1994].) Most conspicuously absent in this case, lacking any indication where defendant positioned himself, is any allegation of the final element of the offense: that it be committed “in a public space.” (Administrative Code § 20-452 [h].) The information contains an address, but no specification even whether defendant was inside or outside, let alone that he was on or near any roadway or sidewalk; in any parking space, plaza, park, or tree space; on any other public property as described in Administrative Code § 20-452 (d); on any other thoroughfare, pedestrian or otherwise; or anywhere where there was any traffic or pass *512 ersby present for commercial purposes. Not only would such allegations indicate a public environment, the activity of the location, the density of the traffic, the number of passersby, and an anticipated “constant flow of potential customers” also would be significant indicia of defendant’s commercial purpose. (People v Sylla, 154 Misc 2d, supra, at 115; see also, People v Abdul, 157 Misc 2d, supra, at 514.)
Even if the court might infer, simply from the complainant’s observation of defendant, that he was outside, the information contains no other facts from which to infer either a public environment or a commercial purpose. The facts do not reveal circumstances indicating, for example, “a busy location at a busy time.” (People v Abdul, 157 Misc 2d, supra, at 514.) The court may take judicial notice that January 8, 1998 fell on a Thursday (Matter of Persing v Coughlin, 214 AD2d 145, 149 [4th Dept 1995]; Prince, Richardson on Evidence § 2-204 [a] [Farrell 11th ed]), as well as other “matters of common knowledge * * * within the court’s jurisdiction” (id., § 2-203), including traffic conditions prevailing on city streets. (People v Randazzo, 60 NY2d 952, 954-955 [1983]; Prince, Richardson on Evidence § 2-204 [g] [Farrell 11th ed].) Even if the court plugs in these facts for the People, however, there is nothing evidently public, busy, or commercial about a Thursday afternoon at 3616 Broadway near 150th Street.
D. Conclusion
The statutory element of “a public space” is plainly missing. So are the other indicia of commercial purpose. Moreover, to make showing or offering for sale an article of clothing, even in a public space, a crime might strain the application of the general vending statutes beyond constitutional limits.
Therefore the court dismisses the accusatory instrument for facial insufficiency. (CPL 170.30 [1] [a]; 170.35 [1] [a].) Having dismissed the accusatory instrument, the court need not address the remaining issues defendant raises.
The Clerk of the Court is to seal the file. (CPL 160.50.) The People have leave to refile the charge consistent with CPL 30.30 and 170.30. (People v Nuccio, 78 NY2d 102, 104-105 [1991].)