OPINION OF THE COURT
Per Curiam.
Order entered May 27, 1998 reversed, on the law, the accusatory instrument is reinstated, and the matter remanded to Criminal Court for further proceedings.
The misdemeanor complaint charging defendant with unlicensed general vending (Administrative Code of City of NY § 20-453)* was improperly dismissed at arraignment for facial insufficiency. From a procedural standpoint, the defendant’s oral dismissal motion should not have been entertained, since an application to dismiss an accusatory instrument filed in a local criminal court can only be heard “[a]fter arraignment” (CPL 170.30 [1]) via a formal motion “made in writing and *264 upon reasonable notice to the [P]eople” (CPL 210.45 [1]; 170.45; see, People v Parker, 223 AD2d 179, 182, lv denied 89 NY2d 927). Nor did the dismissal order represent a proper exercise of the arraignment court’s statutory authority to dismiss an accusatory instrument arising from a warrantless arrest as defective (see, CPL 140.45). Even were the misdemeanor complaint filed in this case facially insufficient, amendment rather than dismissal of the instrument would be the available remedy, since the record does not support a finding — and Criminal Court did not expressly find — that “on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face” (CPL 140.45).
Equally persuasive is the People’s substantive challenge to the arraignment court’s dismissal order. The misdemeanor complaint herein, together with the arresting police officer’s supporting deposition, sufficiently set forth the factual basis for the charge of unlawful peddling by alleging, inter alia, that at 5:45 p.m., on April 24, 1998 (a Friday), at the corner of West 43rd Street and Broadway, the defendant displayed and offered for sale what was variously described as “Jerry Springer video tapes” or “1 video tape;” that defendant showed and “hawk[ed]” the merchandise to “numerous people,” including the arresting officer, saying “ten dollars tapes,” and that defendant was unable to produce the requisite vending license. The factual portion of the misdemeanor complaint thus alleged “facts of an evidentiary character” (CPL 100.15 [3]) demonstrating “reasonable cause” to believe the defendant committed the crime charged (CPL 100.40 [4] [b]; cf., People v Dumas, 68 NY2d 729). Considering the arresting officer’s detailed description of the words uttered and conduct engaged in by defendant during the evening rush hour at the specified midtown location, any inconsistencies appearing in the officer’s supporting deposition concerning the number of videotapes displayed by defendant did not impact upon the jurisdictional underpinnings of the prosecution (see, People v Mordo, NYLJ, Feb. 19, 1991, at 25, col 2 [App Term, 1st Dept], lv denied 77 NY2d 998; People v Abdul, 157 Misc 2d 511). In assessing the facial sufficiency of a misdemeanor complaint, the court “is not required to ignore common sense or the significance of the conduct alleged.” (People v Abdul, supra, at 514.)
We note finally that the People are authorized to appeal as a matter of right to an intermediate appellate court from an order, such as the one issued below, which terminates the pros *265 ecution (see, CPL 450.20 [1]; People v Coppa, 45 NY2d 244, 249). Subject only to constitutional double jeopardy restrictions not here implicated (cf., People v Brown, 40 NY2d 381), the People are entitled to “at least one appeal when a motion to dismiss the [accusatory instrument] is granted on any ground” (People v Coppa, supra, 45 NY2d, at 250).
Parness, P. J., McCooe and Davis, JJ., concur.

 That section makes it unlawful, with specified exceptions not pertinent here, for “any individual to act as a general vendor without first having obtained a license.” The term “general vendor” is elsewhere defined as “[a] person who hawks, peddles, sells, leases or offers to sell or lease, at retail, goods or services * * * in a public space.” (Administrative Code § 20-452 [b].)