*235 OPINION OF THE COURT
Dargel Clark, J.
Defendant is charged with violating Administrative Code of the City of New York § 20-453 requiring a general vendor to obtain a vending license, and Tax Law § 1817 (d) regarding sales and compensating use taxes. He now moves for the following relief: (1) dismissal of the accusatory instrument on the grounds of facial insufficiency (CPL 170.30, 170.35); (2) dismissal of the accusatory instrument on speedy trial grounds (CPL 30.30); (3) suppression of a statement made by defendant or, in the alternative, for a Huntley hearing; and (4) discovery and a bill of particulars.
Facial Sufficiency
Administrative Code § 20-453 provides that it shall be unlawful for any individual to act as a general vendor without having first obtained a license. Administrative Code § 20-452 (b) defines “general vendor” as a person who “hawks, peddles, sells, leases or offers to sell or lease, at retail, goods or services.” To “vend” means to “hawk, peddle, sell, lease, offer to sell or lease, at retail, goods or services other than food in a public space” (Administrative Code § 20-452 [h]). Finally, Administrative Code § 20-452 (d) defines public space as “[a] 11 publicly owned property between the property lines on a street * * * including but not limited to a park, plaza, roadway, shoulder, tree space, sidewalk or parking space between such property lines. It shall also include, but not be limited to, publicly owned or leased land, buildings, piers, wharfs, stadiums and terminals.”
Section 1817 (d) of the Tax Law provides: “Any person required to obtain a certificate of authority under section eleven hundred thirty-four of this chapter who, without possessing a valid certificate of authority, willfully (1) sells tangible personal property or services subject to tax * * * (2) purchases or sells tangible personal property for resale * * * and any person who fails to surrender a certificate of authority as required by such article shall be guilty of a misdemeanor.” Section 1134 (a) (2) states that such certificate of authority or duplicate “shall be prominently displayed in the place of business” or, in the case of a registrant who has no regular place of business, the certificate shall be attached to each of the registrant’s “carts, stands, trucks or other merchandising devices.”
The pertinent facts of the accusatory instrument are that, at approximately 6:25 p.m. on February 2, 2000, in front of 346 E. *236 Fordham Road, County of the Bronx, Police Officer Schulok observed defendant for a period of five minutes standing behind a spread-out display on the sidewalk consisting of “AA” batteries, children’s handbags and wallets. Defendant was observed holding out and showing this merchandise to 25 people who passed by, while stating, “two dollars, two dollars.” Defendant was then observed exchanging a pack of batteries with a passerby for an unknown amount of money. Defendant was not displaying a license issued by the Department of Consumer Affairs and could not produce one when asked. Also, defendant did not possess a valid certificate of authority from the New York State Department of Taxation as required by State law.
Defendant asserts that the accusatory instrument is insufficient based upon the failure to file a supporting deposition from the Department of Consumer Affairs and the New York State Department of Taxation establishing that defendant did not have the required vendor license nor the certificate of authority from the Department of Taxation. Defendant cites two 1992 cases to support his position — People v Sylla (154 Misc 2d 112 [Crim Ct, NY County 1992]) and People v Diouf (153 Misc 2d 887 [Crim Ct, NY County 1992]). Both these cases held that a defendant’s failure to display a license did not establish that the defendant was unlicensed in violation of the Administrative Code. In Diouf, the court specifically noted that “There is no provision in the Administrative Code that provides that the failure to display a vendor’s license is presumptive proof that the defendant is, in fact, unlicensed.” (Id., at 891.) This statement is no longer true.
In 1994, Administrative Code § 20-474.3 was enacted, probably to overcome the hearsay problems associated with cases like Sylla and Diouf (supra). This section provides that “[i]n any civil or criminal action or proceeding, failure by a general vendor who is required to be licensed pursuant to the provisions of this subchapter to exhibit upon demand a general vendor’s license in accordance with the provisions of this subchapter to any police officer or authorized officer or employee of the department or other city agency shall be presumptive evidence that such general vendor is not duly licensed.” (Administrative Code § 20-474.3 [a] [emphasis added].) The legality of this presumption was upheld in People v Chen Ye (179 Misc 2d 592 [Crim Ct, NY County 1999]). This section effectively nullifies defendant’s assertion in his motion papers that there is no provision in the Administrative Code providing that failure to display a vendor’s license is presumptive proof that a defendant is unlicensed.
*237 Applying this presumption to the allegations contained in the accusatory instrument and the accompanying supporting deposition, the court finds that charges are sufficiently pleaded. Defendant was observed standing behind a display of objects spread out on a public sidewalk, holding out and showing such items to 25 people passing by, while stating “two dollars, two dollars.” Defendant was also observed exchanging a pack of batteries with a passerby for an unknown amount of money. This detailed factual recitation demonstrated reasonable cause to believe defendant committed the crimes charged (CPL 100.40 [4] [b]; People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept]; contrast, People v Montanez, 177 Misc 2d 506 [Crim Ct, NY County 1998]). Accordingly, the motion to dismiss this count is denied.
The court finds the count relating to Tax Law § 1817 (d) also sufficient. The allegations are that defendant did not posses a valid certificate of authority from the Department of Taxation. The fact that no certificate was prominently displayed, as required under section 1134 (a) (2) of the Tax Law, provides reasonable cause that defendant did not possess one. The sale of the package of batteries for money shows a willful intent to sell property subject to tax. Thus, this count is sufficiently pleaded and not subject to dismissal.
Speedy Trial
Defendant predicates his speedy trial motion for dismissal on the grounds that the accusatory instrument has not been converted to a valid information due to the absence of a supporting deposition from the Department of Consumer Affairs regarding defendant’s failure to obtain a vendor’s license. As the court has determined that such supporting deposition is not necessary for conversion in light of the statutory presumption, the motion is denied on this basis. The filing of the supporting deposition at arraignment converted the complaint into an information. Defendant has not raised any issues regarding the exclusion of the various adjournments in this case so the court will not at this time make a determination as to any speedy trial time which may or may not be chargeable to the People.

Huntley

Defendant’s motion to suppress a statement made by him is granted to the extent that a pretrial hearing is hereby ordered to determine the circumstances under which this statement was made and whether it was made voluntarily.
*238 Discovery
The motion for discovery and a bill of particulars is granted to the extent of the People’s answering affirmation.