*407 OPINION OF THE COURT
Anthony J. Ferrara, J.
The defendant is charged with two counts of attempted criminal diversion of prescription medications in the third degree (Penal Law §§ 110.00, 178.15 [1]) and unlawful possession of marijuana (Penal Law § 221.05). By notice of motion, served and filed on January 14, 2009, he has moved to dismiss the accusatory instrument for facial insufficiency and for various other relief. The People served and filed their response and a voluntary disclosure form (VDF) on February 19, 2009.
The complaint alleges that on October 18, 2008, at about 10:40 p.m., at 537 West 158th Street, a police officer observed the defendant sitting in the front seat of a car attempting to exchange two sealed white medicine bottles containing 300 milligrams of Reyataz for $2,408 with a separately charged individual. The officer allegedly observed the currency in the hand of the separately charged individual. The complaint further alleges that, according to a supervising pharmacist, Reyataz is a prescription medication and an individual 300-milligram bottle has a value in excess of $1,000. The complaint also alleges that the officer recovered a small ziplock bag of marijuana from defendant’s pants pocket. The People served and filed a New York City Police Department laboratory report confirming the substance in the bag was marijuana and a certificate of readiness on November 5, 2008.
The novel legal question presented by defendant’s motion is whether the People must convert the complaint in a prosecution for criminal diversion of a prescription medication by filing a lab report confirming that the substance in question was in fact a prescription drug. In this case, although the People supplied an affidavit from a supervising pharmacist confirming that Reyataz is a prescription drug, the lab report did not provide confirmation that any of the pills in the sealed bottles (each labeled Reyataz) was in fact Reyataz.* For the reasons set forth below the court holds that where the charge is an “attempt” to divert a prescription medication, the People need not provide a *408 lab report confirming that the drug recovered was in fact a prescription medication.
Motion to Dismiss for Facial Insufficiency
An information is facially sufficient if the factual section contains allegations of an evidentiary nature demonstrating reasonable cause to believe that the defendant committed the offense charged (CPL 100.15, 100.40 [1] [b]). The facts must be supported by nonhearsay allegations which establish, if true, every element of the charged offense (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133, 135 [1987]). The standard for pleading a prima facie case is lesser than the heavy burden of proof beyond a reasonable doubt required at trial (see People v Henderson, 92 NY2d 677, 680 [1999]). While the factual allegations of an information must give the defendant sufficient notice to prepare a defense and prevent the defendant from being twice tried for the same offense, they should be given a fair and not overly restrictive reading (see People v Casey, 95 NY2d 354, 360 [2000]). When assessing the facial sufficiency of an accusatory instrument, a court must view the facts in the light most favorable to the People (see People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000], lv denied 95 NY2d 835 [2000]). However, conclusory allegations are insufficient (see People v Dumas, 68 NY2d 729 [1986]) and a court need not ignore common sense or the significance of the alleged conduct in determining facial sufficiency (Gonzalez, 184 Misc 2d at 264).
Attempted Criminal Diversion of Prescription Medications in the Third Degree
A person is guilty of criminal diversion of prescription medications in the third degree when he “commits a criminal diversion act, and the value of the benefit exchanged is in excess of one thousand dollars.” (Penal Law § 178.15 [1].) A criminal diversion act is “an act or acts in which a person knowingly: (a) transfers or delivers, in exchange for anything of pecuniary value, a prescription medication or device with knowledge or reasonable grounds to know that the recipient has no medical need for it” (Penal Law § 178.00 [3]). Prescription medication means any medication “for which a prescription is required in order to be lawfully sold, delivered or distributed by any person authorized by law to engage in the practice of the profession of pharmacy” (Penal Law § 178.00 [1]). A person is guilty of an attempt when, with intent to commit the crime, “he engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00).
*409 The defendant argues that the allegations in the complaint are insufficient because the lab report does not specifically confirm the presence of Reyataz. In prosecutions involving articles 220 and 221 of the Penal Law, courts generally require a scientific test confirming the presence of the illicit substance for an otherwise sufficient misdemeanor information to satisfy the prima facie pleading requirement to survive a motion to dismiss (see People v Ranieri, 127 Misc 2d 132 [Crim Ct, NY County 1985]; People v Swamp, 84 NY2d 725 [1995] [holding that detailed, uncontradicted grand jury testimony regarding a positive field test supported an indictment for drug possession]; Matter of Angel A., 92 NY2d 430 [1998] [finding a juvenile delinquency petition which accused a youth of criminal sale and possession of a controlled substance was legally sufficient where the petition was accompanied by the supporting deposition of the buy officer who stated that the presence of the controlled substance was established by a field test]; People v O’Neill, 285 AD2d 669 [3d Dept 2001] [affirming dismissal of indictment when purchasers’ identifications of the prescription pills purchased from the defendant were conclusory and insufficient to support the conspiracy and criminal sale of a controlled substance charges]).
Neither side has cited any authority to support the proposition that a prosecution under Penal Law article 178 requires a lab report or other recognized scientific test confirming that the substance recovered is in fact a prescription drug. The Court of Appeals in Matter of Jahron S. (79 NY2d 632, 640 [1992]) refused to establish a per se rule that a laboratory report is necessary to establish a prima facie case in all drug possession cases stating: “We leave open the possibility that a deposition based on personal knowledge and expertness may, in now unforeseen circumstances, qualify as sufficient evidence to establish a prima facie case of drug possession.” In this case, the complaint charges an attempt to exchange two sealed 300-milligram bottles of Reyataz for $2,408. The supporting deposition of the supervising pharmacist confirms that Reyataz is a prescription medication, and that the value of a 300-milligram bottle is in excess of $1,000. These allegations do provide reasonable cause to believe that the defendant attempted to commit criminal diversion of prescription medications in the third degree (compare People v Ross, 12 Misc 3d 755 [Crim Ct, Kings County 2006] [dismissing complaint alleging criminal diversion of prescription medications in the fourth degree where the *410 People failed to convert the complaint by either a lab report or nonhearsay allegations that the substance recovered was a prescription medication]). Whether the pills in the bottle were in fact a prescription medication is not an element of the offense charged (see People v Sessions, 181 AD2d 842 [2d Dept 1992], lv denied 80 NY2d 837 [1992] [crime of attempted criminal sale of a controlled substance is committed when the defendant sells a lawful substance mistakenly believing it to be crack cocaine]). Defendant’s motion to dismiss the counts of criminal diversion of prescription medications in the third degree for facial insufficiency is denied.
Further, the defendant argues that the allegations in the complaint fail to support that the defendant knowingly sold a prescription medication or that he knew, or had reason to know, that the recipient had no medical need for medication (Penal Law § 178.00 [3] [a]). Where the essential elements are determined by the statute defining the crime and where the defining section contains an exception, the accusatory instrument must allege that the crime is not within the exception (see People v Kohut, 30 NY2d 183 [1972]; People v Santana, 7 NY3d 234 [2006]). Penal Law § 178.00 requires that the People allege facts that support the elements that the defendant knowingly possessed a prescription medication and that the defendant knew, or had reason to know, that the recipient did not need the medication. Here, the allegations that the defendant attempted to exchange two bottles labeled Reyataz for $2,408 provide reasonable cause to believe that the defendant knew the bottles contained the prescription medication (see People v Mizell, 72 NY2d 651 [1988]; People v Sessions, 181 AD2d 842 [2d Dept 1992], lv denied 80 NY2d 837 [1992], supra). Viewing the facts in the light most favorable to the People, the allegations that the officer observed the defendant attempt to exchange two bottles labeled Reyataz for $2,408 in the front seat of a car at 10:40 p.m. provide, at least at the pleading stage, reasonable cause to believe that the defendant knew that the buyer had no medical need for the Reyataz (see People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000], lv denied 95 NY2d 835 [2000]).
Finally, the defendant argues that the two charges must be combined into only one count. Multiple sales of illegal drugs are separate offenses where there is evidence of separate “impulses” to sell (see Blockburger v United States, 284 US 299 [1932]; People v Okafore, 72 NY2d 81 [1988]). The complaint lacks *411 factual allegations of an evidentiary nature that provide reasonable cause to believe that the defendant attempted two separate sales of Reyataz (see People v Crampton, 45 AD3d 1180 [3d Dept 2007]; cf. People v Medinas, 180 Misc 2d 251 [Sup Ct, Kings County 1999]). Defendant’s motion to dismiss one count of criminal diversion of prescription medications in the third degree is granted.
Unlawful Possession of Marijuana
A person is guilty of unlawful possession of marijuana when he or she “knowingly and unlawfully possesses marijuana.” (Penal Law § 221.05.) The allegations that the officer recovered a bag of marijuana from the defendant’s pants pocket and a positive lab report confirming that the substance was indeed marijuana are sufficient to provide reasonable cause to believe that the defendant unlawfully possessed marijuana (see People v Swamp, 84 NY2d 725 [1995]; People v Hill, 16 Misc 3d 176 [Crim Ct, NY County 2007]). Defendant’s motion to dismiss the count of unlawful possession of marijuana in denied.
Motion to Suppress Physical Evidence
Defendant’s motion to suppress physical evidence seized from defendant is granted to the extent that a Mapp/Dunaway hearing is ordered.
Motion to Preclude Unnoticed Statements
The VDF indicated that the People do not intend to offer any statement made by the defendant at trial. Defendant’s motion to preclude unnoticed statement evidence is denied as premature with leave to renew in the event the People attempt to offer unnoticed statement evidence.
Motion for a Bill of Particulars and Discovery
Defendant’s motion for a bill of particulars and additional discovery is denied. The VDF is sufficient.
Sandoval Motion
Defendant’s motion to preclude the use of defendant’s criminal history or uncharged bad acts is referred to the trial court.

 Although neither the complaint nor the lab report filed on November 5, 2008 state that the bottles were labeled Reyataz, the lab report worksheet filed with the People’s response to defendant’s motion describes the two bottles as “brand new,” “inner seal intact” and “labeled Reyataz.” Reyataz, atazanavir sulfate, is a prescription medication used to treat people infected with the human immunodeficiency virus (HIV). (Reyataz, http:// www.reyataz.com/ [accessed Apr. 15, 2009].)