■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KATHY COOKS, Respondent. [646 NYS2d 803] —Order, Supreme Court, New York County (James A. Yates, J.), entered on or about February 22, 1994, which granted defendant's motion to dismiss New York County Indictment No. 5180/93 on the ground that the evidence presented to the Grand Jury was insufficient, unanimously reversed, on the law, and the indictment reinstated.

The evidence before the Grand Jury showed that, on May 19, 1993, at 4:35 P.M., an undercover police officer approached codefendant Warren Davis on Fifth Avenue near 128th Street and told Davis that he "wanted crack." Davis told the officer to accompany him and immediately brought the officer to 128th Street, where he walked up to defendant and asked her where "we get the deuces," which the officer knew to mean $2 vials of crack. Defendant responded, "This way," and the three walked through a lot to 129th Street. There, Davis asked the officer how many he wanted and the officer told Davis that he wanted three and gave him $12. No explanation was given as to why the officer gave Davis $12 rather than $6.

Immediately after this conversation, Davis and defendant walked to the other side of the street, where they held a brief conversation. The officer then walked across the street toward them and they walked over to meet him. When the three met, Davis handed the officer three vials of cocaine and the officer left. Moments later, defendant and Davis were approached by the backup officers, who saw Davis place three vials of crack

into his mouth. The vials were recovered, and the defendants were placed under arrest. All six vials, the three purchased by the officer and the three recovered from Davis' mouth, were later found to contain cocaine.

Contrary to the motion court, we find that this evidence was sufficient to sustain that count of the indictment against defendant charging her with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

In reviewing the sufficiency of the evidence before the Grand Jury, a reviewing court must determine whether the evidence, viewed in a light most favorable to the prosecution, if unexplained and uncontradicted, would warrant a conviction by a petit jury (*People v Jennings*, 69 NY2d 103, 114). If the evidence supporting the indictment is circumstantial, it will be considered sufficient if the proven facts, and the logical inferences which flow from them, supply proof of every element of the crime charged, and "the Grand Jury could rationally have drawn the guilty inference" (*People v Deegan*, 69 NY2d 976, 979).

Upon such review, we find that the evidence was sufficient to sustain the charges against the defendant. Unlike the defendant in *People v Rosario* (193 AD2d 445, *lv denied* 82 NY2d 708), relied on by the motion court, the defendant in this case did not merely respond to a query from the buyer as to a likely seller, but was consulted by, and responded to, the other seller himself, i.e., codefendant Davis, as to how to effect the drug sale. The fact that she privately consulted with Davis before the sale was completed, that she guided Davis to the specific locale where the drugs were apparently obtained, and the fact that she returned, with Davis, to meet the buyer for the completion of the sale, strongly support the inference that she was not merely an innocent bystander, but a participant. Under these circumstances, defendant's silence during the transaction itself does not, on its own, render the other evidence showing her participation insufficient (*see, People v Tention*, 162 AD2d 355, *lv denied* 76 NY2d 991).

Moreover, under the circumstances of this case, we also find that the evidence was sufficient as a matter of law to support the charge of criminal possession of a controlled substance in the third degree relating to the three vials of cocaine which codefendant Davis stuffed into his mouth immediately prior to his arrest. A strong inference could be drawn from the facts that these three vials formed part of an inventory of drugs held by both defendant and Davis. First, the fact that Davis

did not immediately complete the transaction when approached by the officer implied that he did not have three vials in his possession at that time, which was prior to consulting with defendant. Moreover, the fact that the officer gave Davis $12, enough for six vials, provides an explanation for why Davis would have obtained more than the three vials which he actually gave to the officer. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Mazzarelli, JJ.