OPINION OF THE COURT
Preston S. Scher, J.
*69 Defendant herein was charged by misdemeanor information with trademark counterfeiting in the third degree in violation of Penal Law § 165.71 for selling 27 counterfeit videotapes to passersby. He was arraigned on those charges on October 20, 1997. On the date of the alleged violation, October 17, 1997, the defendant was also issued a summons for peddling without a permit, in violation of New Rochelle City Code chapter 235, article 3, subdivision (A).
Defendant now makes a motion pursuant to GPL 170.30 (1) (f) for dismissal of the charges, arguing that the court’s failure to hold a hearing pursuant to Penal Law § 165.74 within 48 hours of defendant’s arraignment constitutes a jurisdictional impediment to prosecution.
Penal Law § 165.74 provides in pertinent part: “Any goods manufactured, sold, offered for sale, distributed or produced in violation of this article may be seized by any police officer. The magistrate must, within forty-eight hours after arraignment of the defendant, determine whether probable cause exists to believe that the goods had been manufactured, sold, offered for sale * * * in violation of this article, and upon a finding that probable cause exists * * * the court shall authorize such articles to be retained as evidence pending the trial of the defendant. Upon conviction of the defendant, the articles in respect whereof the defendant stands convicted shall be destroyed.”
The statute thus allows the police to seize articles which a defendant is representing to the public to be genuine but may be counterfeit, and sets forth a procedure by which a court can make a determination as to whether or not there is probable cause to believe the goods are counterfeit, in which case the items seized may be retained by the People as evidence to be used in the defendant’s prosecution.
Nothing in the plain language of the statute indicates a legislative intent to make a hearing by the court within 48 hours of arraignment a jurisdictional requirement for the prosecution of a defendant. The statute simply addresses the procedure to be followed for the People to be able to use the counterfeit articles as evidence at trial, and what is to be done with the goods after conviction.
The court has also reviewed the full legislative history of the statute, including the State Legislature’s Bill Jacket and Governor’s Memorandum, and found no references therein to any intent by the drafters to make a hearing a jurisdictional requirement for prosecution.
*70 Although it is clear to the court that the Penal Law § 165.74 hearing is not jurisdictional, it is not necessary to reach that issue in the case at bar. As noted above, the videotapes in question were seized by the police incident to the charge of peddling without a permit, for which the defendant was served with a summons at the time of his arrest.
Consequently, as the court in People v Niang (160 Misc 2d 500, 506 [Crim Ct, NY County 1994]) stated on facts strikingly similar to those in the case at bar, “[a]s evidence and instrumentalities of that crime, the [evidence is] lawfully in the State’s custody even if they are not counterfeit. Accordingly, a judicial pretrial determination as to whether these [tapes] constitute counterfeit goods within the meaning of the statute is not required in this case.”
Accordingly, since the need for a hearing never arose herein, defendant’s motion is hereby denied.