OPINION OF THE COURT
Paul G. Feinman, J.
*142 Defendant is charged with a single count of trademark counterfeiting in the third degree (Penal Law § 165.71). He moves to dismiss the accusatory instrument on the ground that it is facially insufficient. For the reasons stated below, defendant’s motion is granted.
A misdemeanor information is sufficient on its face when it has both an accusatory part designating each and every offense charged and a factual part containing a statement of the complainant that alleges facts of an evidentiary nature that tend to support the charges (CPL 100.15 [2], [3]). The nonhearsay allegations must provide reasonable cause to believe that the defendant committed the offense charged, and must establish, if true, every element of the offense charged (CPL 100.40 [1]). An accusatory instrument will be dismissed as facially insufficient if it fails to allege nonhearsay facts of an evidentiary nature that support or tend to support each and every element of the offense charged and the defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987]). However, to be facially sufficient an accusatory instrument need only establish a “prima facie” case; it need not establish defendant’s guilt beyond a reasonable doubt (People v Moncayo, NYLJ, Apr. 10, 1997, at 29, col 4 [App Term, 2d & 11th Jud Dists] [dismissal of information reversed where motion court confused reasonable cause pleading standard with proof beyond a reasonable doubt trial standard]).
Defendant is charged with trademark counterfeiting in the third degree (Penal Law § 165.71). A “trademark” is defined in Penal Law § 165.70 (1) as “any word, name, symbol, or device, or any combination thereof’ which has been adopted and used by an entity to identify goods made by that entity. The trademark distinguishes these goods from those manufactured or sold by others, and is registered, filed, or recorded under the laws of the appropriate State or is registered in the principal register of the United States patent and trademark office. A person is guilty of trademark counterfeiting in the third degree when, with the intent to deceive or to evade a lawful restriction on the offering for sale of goods, he or she “sells, or offers for sale goods which bear a counterfeit trademark” (Penal Law § 165.71). A “counterfeit trademark” is defined in Penal Law § 165.70 (2) as an “imitation of a trademark” used in connection with the trafficking of or sale of goods that are “identical with or substantially indistinguishable from those with the trademark.”
In the case at bar, the accusatory instrument states that Police Officer Keith Kostanoski recovered more than 10 compact *143 discs from defendant which, according to Sergeant Jay Fagan, who examined the discs, “bear[ ] a counterfeit trademark.” Sergeant Fagan based his conclusion on the training he received from the company that holds the genuine trademark, the Recording Association of America. He concluded that the items “were not manufactured by an authorized maker because the items bore false trademarks and the items were of inferior materials and workmanship, to wit: the printing was blurred, the coloring was not true, and the booklets inside of the compact discs were merely photocopies of genuine booklets.”
Defendant points to four deficiencies in the accusatory instrument as alternative bases for granting the motion to dismiss. First, he argues that there is no description of the type of compact discs that were seized, what type of recorded information they allegedly contained, or what trademark they were allegedly copying. Second, he contends that there are insufficient allegations to establish that the discs had a “false mark” that was identical to or substantially indistinguishable from a trademark in use and registered, recorded, or filed (affirmation, at unnumbered 3-4, 13). Third, he contends that there are no facts of an evidentiary character describing the offending mark and showing it to be “virtually indistinguishable” from a genuine trademark (affirmation, at unnumbered 4, 4, citing People v Cisse, 171 Misc 2d 185 [Crim Ct, Queens County 1996]; People v Niang, 160 Misc 2d 500 [Crim Ct, NY County 1994]). Fourth, he argues that the accusatory does not allege that the Recording Association of America possesses a trademark that is properly registered, filed or recorded, but merely states that the trademark is genuine, without allegations as to registration, filing, or recording.
Here, the accusatory instrument states that the “genuine trademark” is held by the Recording Association of America, and that the discs bore “false trademarks.” It also describes the “inferior materials and workmanship” of the discs, including that the printing was blurred, the coloring off, and the booklets inside the discs were photocopies rather than “genuine” booklets. However, there is no clear description contained in the accusatory instrument of the trademark or trademarks in question. This is similar to the situation in People v Cisse (supra, 171 Misc 2d 185), where the accusatory instrument describing 143 videotapes of various movies produced by Warner Brothers, Disney, Fox, and MCA, among others, which were alleged to be counterfeited because of various physical characteristics of the tapes and their containers, *144 was held to be legally insufficient because there was no naming or describing of any trademark and no statement from the owner of the trademark that the videotapes in question contained any word, name, symbol, or device that was the registered trademark. In this case, there is not even an allegation concerning the “entity” that has adopted the trademark in question and which uses it to identify the goods it makes. The only description offered is that the trademark is owned by the Recording Association of America.
There are also no allegations in the accusatory instrument that satisfy the statutory requirement of Penal Law § 165.70 (2) (b) that the alleged counterfeit trademark be found “identical” or “substantially indistinguishable” from the trademark in question (cf., People v Niang, 160 Misc 2d 500, supra [allegations that watches bore imitation of trademark for Rolex, and that they were of poor quality and did not have characteristics of actual Rolex, held insufficient; the People failed to offer proof that offending mark was identical with or substantially indistinguishable from registered trademark]). Sergeant Fagan states that the confiscated discs were of “inferior materials and workmanship,” specifically that the printing was blurred, the coloring was off, and the booklets were not printed but photocopied. Again, there is no description of the trademark itself, and it must be noted that a compact disc is not itself a trademark. Rather, it is something that may carry a trademark.
In short, the accusatory instrument is legally insufficient as there is nothing contained within the four corners of the instrument to establish the existence and identity of a registered trademark. Accordingly, there are insufficient allegations in the accusatory instrument to establish a prima facie case that defendant was selling goods bearing a counterfeit trademark. Defendant’s motion to dismiss must therefore be granted.