OPINION OF THE COURT
Cynthia S. Kern, J.
Defendant Mbaye Thiam is charged with trademark counter *811 feiting in the third degree under Penal Law § 165.71. He moves to dismiss the accusatory instrument on the ground that it is facially insufficient because it fails to describe the trademarks, fails to allege that the allegedly counterfeit trademarks are substantially indistinguishable from the genuine trademarks and fails to establish that the trademarks are currently registered. Defendant also seeks suppression of all physical evidence or alternatively a Mapp/Dunaway hearing, suppression of all statements or a voluntariness hearing, a Sandoval hearing, preservation of all recorded police communications, discovery and a bill of particulars. For the reasons stated below, defendant’s motion to dismiss is denied.
The accusatory instrument charges that on July 1, 2001, at about 17:30 hours at 52nd Street and Park Avenue, Officer Brian Cirone, shield No. 8058 of the Patrol Boro Manhattan South Task Force, observed the defendant display and offer for sale more than 10 counterfeit Oakley sunglasses and Kate Spade handbags. The supporting depositions state that the Oakley sunglasses and Kate Spade handbags offered for sale contain counterfeit trademarks which are substantially the same as the genuine trademarks except that the genuine Kate Spade trademark has the Kate Spade logo sewn onto the handbag while the counterfeit Kate Spade trademark has the Kate Spade logo glued onto the handbag and the genuine Oakley trademark has the Oakley trademark printed on the sunglasses so it cannot be removed while the counterfeit Oakley trademark can be easily removed from the Oakley sunglasses. There are also supporting depositions in which representatives of the Kate Spade and Oakley trademarks state that the trademarks are currently registered and in use.
A misdemeanor accusatory instrument is sufficient on its face when it contains both an accusatory part designating the offenses charged and a factual part providing reasonable cause to believe that the defendant committed the crime charged in the accusatory part of the information. (CPL 100.15 [2], [3]; 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].) The allegations of the factual part of the information must contain nonhearsay allegations of an evidentiary nature that establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [b], [c].) To be facially sufficient, an information only needs to establish a prima facie case. (Alejandro, supra; see People v Ensley, 183 Misc 2d 141 [Crim Ct, NY County 1999].) “A valid and sufficient accusatory instrument is *812 a nonwaivable jurisdictional prerequisite to a criminal prosecution.” (People v Simon, 145 Misc 2d 518, 520 [Crim Ct, NY County 1989]; see People v Case, 42 NY2d 98 [1977].)
The defendant is charged with trademark counterfeiting in the third degree under Penal Law § 165.71. Pursuant to Penal Law § 165.71, a person is guilty of trademark counterfeiting in the third degree when “with the intent to deceive or defraud some other person or with the intent to evade a lawful restriction on the sale, resale, offering for sale, or distribution of goods, he or she manufactures, distributes, sells, or offers for sale goods which bear a counterfeit trademark, or possess a trademark knowing it to be counterfeit for the purpose of affixing it to any goods.” A “trademark” is defined by Penal Law § 165.70 (1) as “any word, name, symbol, or device, or any combination thereof adopted and used by a person” to identify goods made by that person. A “counterfeit” trademark is defined by Penal Law § 165.70 (2) (b) as “an imitation of a trademark” that is used in connection with the trafficking, sale, or distribution of goods “that are identical with or substantially indistinguishable from a trademark.”
Defendant initially argues that the accusatory instrument is facially insufficient because it does not describe the trademarks that are alleged to have been copied. For an information to sufficiently state a charge of trademark counterfeiting, it must identify by name or description the actual trademark which has allegedly been imitated. (See Ensley, supra at 143; People v Cisse, 171 Misc 2d 185 [Crim Ct, Queens County 1996].) An accusatory instrument is facially insufficient where “there was no naming or describing of any trademark and no statement from the owner of the trademark that the [item] in question contained any word, name, symbol, or device that was the registered trademark.” (Ensley, supra at 144; Cisse, supra at 187.) In the instant case, the accusatory instrument sufficiently names and describes the trademarks that were allegedly infringed — the Kate Spade trademark and the Oakley trademark. The complaint specifically states that the handbags contained a counterfeit Kate Spade trademark and that the sunglasses contained a counterfeit Oakley trademark. Police Officer Brian Cirone alleges that he could determine that the merchandise being offered for sale bore counterfeit trademarks because of the manner in which the trademarks were affixed to the merchandise. Based on the foregoing, the People have suf *813 ficiently described the trademarks that are alleged to have been copied.*
Defendant also claims that the information is facially insufficient because it fails to allege that the allegedly counterfeit trademarks are substantially indistinguishable from the genuine trademarks. This contention is without merit. A “prima facie case of trademark counterfeiting cannot be established in the absence of proof that the offending mark was identical or substantially indistinguishable from the trademark which is in use and registered, recorded or filed.” (People v Niang, 160 Misc 2d 500, 504 [Crim Ct, NY County 1994].) In the present case, the accusatory instrument specifically states that the counterfeit trademarks are substantially the same as the genuine trademarks except for the manner in which the trademarks are affixed to the merchandise. Specifically, the Kate Spade trademark is sewn onto the handbag manufactured by Kate Spade while the counterfeit Kate Spade trademark is glued onto the handbag. The genuine Oakley trademark cannot be removed from the sunglasses manufactured by Oakley while the counterfeit Oakley trademark can be easily removed from the Oakley sunglasses.
Finally, defendant argues that the complaint is facially insufficient because it fails to establish that the trademarks allegedly infringed were in use at the time of the alleged offense. This argument is without basis. In order to make out a facially sufficient charge for trademark counterfeiting in the third degree, the information must establish that the trademark alleged to be infringed is currently registered. (Penal Law § 165.70 [1]; Cisse, supra; Ensley, supra.) There are two supporting depositions filed in this matter, one by an authorized representative of Kate Spade and the other by an authorized representative of Oakley, both of which state that the Kate Spade and Oakley trademarks are currently registered.
Based on the foregoing, defendant’s motion to dismiss for facial insufficiency is denied. A Huntley hearing is denied as the People do not intend to introduce any statements at trial. *814 Defendant’s motion to suppress physical evidence is granted to the extent that a Mapp /Dunaway hearing shall be held. The Sandoval hearing is referred to the trial judge. In addition, the defendant’s motion for a bill of particulars and pretrial discovery is granted to the extent of the information provided in the People’s response and voluntary disclosure form.

 The cases relied on by defendant are distinguishable. (See People v Ensley, 183 Misc 2d 141 [Crim Ct, NY Comity 1999]; People v Cisse, 171 Misc 2d 185 [Crim Ct, Queens County 1996]; People v Niang, 160 Misc 2d 500 [Crim Ct, NY County 1994].) In these cases, which involved allegedly counterfeit compact discs, videotapes and Rolex watches, the accusatory instruments were held to be facially insufficient because there was no description of the trademark allegedly infringed. In the present case, the trademarks are identified as the names Kate Spade and Oakley which are located on both the original merchandise and the counterfeit merchandise.