OPINION OF THE COURT
Ruth E. Smith, J.
*378 Defendant is charged with the sole count of trademark counterfeiting in the third degree (Penal Law § 165.71). He moves for an order dismissing the charge for facial insufficiency. He also moves, inter alia, for suppression of physical evidence pursuant to CPL 710.20 (1) and 710.60, for preclusion of statement and identification evidence pursuant to CPL 710.30 (3), and a “voluntariness hearing” pursuant to CPL 710.20 (3) and 710.60 (3) (b). For the reasons that follow, defendant’s motion to dismiss for facial insufficiency is granted.
An information is facially sufficient if it contains facts of an evidentiary character tending to support the charges (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986]). Furthermore, the information must contain nonhearsay allegations which establish, if true, every element of the offense charged and defendant’s commission thereof (CPL 100.40 [1] [b], [c]). An information which fails to satisfy these requirements is fatally defective (People v Alejandro, 70 NY2d 133, 139 [1987]).
The prima facie case requirement is a lower threshold than the burden of proof beyond a reasonable doubt required at trial (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). The allegations must establish a prima facie case that there is reasonable cause to believe that a defendant is guilty of the crimes charged (People v Allen, 92 NY2d 378, 385 [1998]). If the evidence supporting the charges is circumstantial, it will be sufficient only if the allegations, and the logical inferences which flow from them, supply proof of every element of the crimes charged, and defendant’s commission thereof (see People v Cooks, 230 AD2d 683, 684 [1st Dept 1996], lv denied 89 NY2d 863 [1996] [sufficiency of evidence before the grand jury]).
“A person is guilty of trademark counterfeiting in the third degree when, with the intent to deceive or defraud some other person or with the intent to evade a lawful restriction on the sale, resale, offering for sale, or distribution of goods, he or she manufactures, distributes, sells, or offers for sale goods which bear a counterfeit trademark, or possesses a trademark knowing it to be counterfeit for the purpose of affixing it to any goods” (Penal Law § 165.71).
A “trademark” is
“any word, name, symbol, or device, or any combination thereof adopted and used by a person to identify goods made by a person and which distinguish them *379 from those manufactured or sold by others which is in use and which is registered, filed or recorded under the laws of this state or of any other state or is registered in the principal register of the United States patent and trademark office” (Penal Law § 165.70 [1] [a]).
A “counterfeit trademark” is a
“spurious trademark or an imitation of a trademark that is:
“(a) used in connection with trafficking in goods; and
“(b) used in connection with the sale, offering for sale or distribution of goods that are identical with or substantially indistinguishable from a trademark as defined in subdivision one of this section” (Penal Law § 165.70 [2]).
A sufficient accusatory instrument charging trademark counterfeiting in the third degree (Penal Law § 165.71) must (1) allege that at a specified time and location the defendant displayed and offered for sale a counterfeit item; (2) identify and distinguish the characteristics of the genuine and counterfeit trademarks; and (3) state that the trademark is registered and in use (People v Guan, 2003 NY Slip Op 50878[U], *1 [App Term, 1st Dept, May 7, 2003]).
In People v Rosenthal (NYLJ, Mar. 24, 2003, at 21, col 4), the court addressed the necessity of establishing a description of the genuine registered and counterfeit trademarks in an accusatory instrument. There, in two separately charged dockets, consolidated for decision on a facial sufficiency challenge to the trademark counterfeiting in the third degree charge, one defendant was alleged to have sold counterfeit Burburry bags and the other counterfeit Coach bags. The complaints described the difference between the quality of the genuine products and the counterfeit products, but did not identify and detail the actual trademark and the existence of an imitation trademark on the counterfeit merchandise. The court held that a sufficient complaint must establish that the alleged counterfeit trademark was identical or substantially indistinguishable from the genuine registered trademark. Thus, the failure to identify and detail the genuine and the imitation trademarks was fatal to both complaints.
In People v Thiam (189 Misc 2d 810 [Crim Ct, NY County 2001]), the court decided the issue of how much identification *380 and detail was sufficient for pleading purposes. The Thiam court, in accord with the other lower courts, recognized that the element of an identical or substantially indistinguishable trademark is essential to establish a prima facie case (id. at 813).[1] The complaint did not assert facts detailing the actual appearance of the trademarks or their alleged imitations, but rather stated that the imitation merchandise
“ contain [ed] counterfeit trademarks which are substantially the same as the genuine trademarks except that the genuine Kate Spade trademark has the Kate Spade logo sewn onto the handbag while the counterfeit Kate Spade trademark has the Kate Spade logo glued onto the handbag and the genuine Oakley trademark has the Oakely trademark printed on the sunglasses so it cannot be removed while the counterfeit Oakley trademark can be easily removed from the Oakley sunglasses” (id. at 811).
The Thiam court distinguished other lower court cases,[2] reasoning that each of them was devoid of any description of the trademark (id. at 813 n). It held that a description of the difference in the manner that the genuine and the imitation trademark is affixed to the product was sufficient for pleading purposes. This court respectfully disagrees with that holding.
A trademark is a word, name, symbol, device or a combination thereof (Penal Law § 165.70). A sufficient accusatory instrument charging trademark counterfeiting in the third degree must identify and describe the characteristics of the word, name, symbol, or device used in the genuine trademark and distinguish that from the characteristics of the word, name, symbol, or device used in the alleged counterfeit trademark (Guan, 2003 NY Slip Op 50878[U], *1). That is to say, the accusatory instrument must detail the appearance of the genuine trademark and how it differs from the appearance of the imitation trademark. While descriptions of the inferior quality of the alleged fake merchandise, coupled with the description of the trademarks, may support the inference that the item is counterfeit, descriptions of inferior quality, standing alone, may instead indicate that the *381 items are being offered as a cheaper imitation instead of the genuine product (People v Burke, NYLJ, Apr. 11, 1994, at 31, col 5 [Sup Ct, Bronx County]).
Turning now to the instant accusatory instrument, it alleges that defendant was observed by Police Officer Rodney Heard, displaying and offering for sale more than five handbags bearing a counterfeit trademark for Gucci. According to the complaint and supporting deposition of Officer Heard, he examined the merchandise and determined that it was “substantially the same as the genuine trademark except that the counterfeit is: made of vinyl, sold in a variety store, and the genuine trademark is: made only of leather, no vinyl sold in Gucci stores.” The supporting deposition references the existence of a registered trademark as follows: “representative’s affidavit: An affidavit signed by Katherine B. Carlburg {indicate representative’s name), a representative of the trademark, states that the trademark is in use and registered.”
An affidavit from Ms. Carlburg, an authorized representative of Gucci America, Inc., indicates that the Gucci trademark is registered and currently in use. The affidavit is dated January 3, 2002, and is “valid unless revoked or superseded in writing.”
Applying the first prong of the Guan test, the accusatory instrument sufficiently alleges that on the evening of February 2, 2004, inside of 302 Canal Street, defendant was observed displaying and offering for sale more than five handbags (2003 NY Slip Op 50878[U], *1).
The People have failed to identify and distinguish the genuine trademark and the imitation trademark {id.). The complaint details the material to which the trademark is affixed, but fails to describe the word, name, symbol, or device that is the actual trademark. No reading of the complaint and the supporting depositions, even circumstantially, provides facts of an evidentiary nature to establish how the word, name, symbol, or device on the leather Gucci handbag is identical or substantially identical to the word, name, symbol, or device on the alleged imitation Gucci handbag (CPL 100.15 [3]; Dumas, 68 NY2d 729 [1986]). The failure to establish this essential element is fatal (Alejandro, 70 NY2d at 139; see also Ensley, 183 Misc 2d 141 [1999]; Cisse, 171 Misc 2d 185 [1996]; Niang, 160 Misc 2d 500 [1994]).
*382 Based on the foregoing, defendant’s motion to dismiss this charge as facially insufficient is granted, with sealing stayed for 30 days from filing of this order. Accordingly, the remainder of defendant’s motion is deemed moot.

. See People v Ensley, 183 Misc 2d 141 (Crim Ct, NY County 1999); People v Johnson, NYLJ, Aug. 10, 1998, at 30, col 2 (Crim Ct, Bronx County); People v Cisse, 171 Misc 2d 185 (Crim Ct, NY County 1996); People v Niang, 160 Misc 2d 500 (Crim Ct, NY County 1994); People v Burke, NYLJ, Apr. 11, 1994, at 31, col 5 (Sup Ct, Bronx County).

. Ensley, 183 Misc 2d 141 (1999); Cisse, 171 Misc 2d 185 (1996); Niang, 160 Misc 2d 500 (1994) .