OPINION OF THE COURT
Joy Campanelli, J.
By motion filed October 21, 2015, defendant moves pursuant to CPL 170.30 (1) (a) and 100.40 (1) (c) to dismiss the charge of public lewdness in a public place (Penal Law § 245.00 [a]) for facial insufficiency.
Defendant Clarence Wade is charged with resisting arrest (Penal Law § 205.30, a class A misdemeanor), public lewdness in a public place (Penal Law § 245.00 [a], a class B misdemeanor), exposure of a person[1] (Penal Law § 245.01, a violation), and five charges of disorderly conduct (Penal Law § Penal Law 240.20 [1], [2], [3], [6], [7], all violations).
By letter dated December 16, 2015, the People advised the court that a superseding information has been filed and served, reciting the authority to file the same. Annexed to the letter is proof of service of the letter and the superseding information upon the court and defendant’s counsel. The complaint now alleges the additional charge of exposure of a person (Penal Law § 245.01), a violation. In addition, the People have added the language “while defendant was holing [sic] defendant’s penis in public view” to the information. Otherwise, the original accusatory instrument of June 25, 2015[2] is substantially the same as the superseding information recited below.
The People have also served and filed opposition papers on January 11, 2016.
The defendant was arraigned on June 25, 2015. The superseding information executed on December 16, 2015 by the deponent Police Officer James Grant states in pertinent part (relating to public lewdness and exposure of a person):
“that on or about June 25, 2015 at approximately 12:35 a.m. at Newkirk Avenue at Flatbush Avenue County of Kings, State of New York, *614 “that the defendant did . . . create a hazardous or physically offensive condition by any act which served no legitimate purpose; intentionally expose the private or intimate parts of his body in a lewd manner or commit any other lewd act in a public place; appear in a public place in such a manner that the private or intimate parts of his body were unclothed or exposed.
“deponent observed defendant and approximately four other people standing on the corner and blocking the sidewalk and yelling in a loud manner that would cause alarm or disturb residents and people around.
“Deponent further states that deponent approached the aforementioned group and asked said group to diserse [sic] and to refrain from yelling, and that the defendant refused to move from the location and that the defendant began yelling, stating in sum and substance, fuck you, what are you going to do.
“Deponent further states that that the deponent told the [defendant] to quiet and move on approximately six times and that the above mentioned group kept telling defendant lets go and defendant refuse.
“Deponent further states that the defendant then approached deponent in an aggressive manner yelling the same as above causing a crowd to gather, and that the deponent observed defendant pull down defendant’s pants, and expose defendant’s penis, in that, defendant’s penis was in public view, and that the defendant began yelling, in sum and substance, suck my dick, while defendant was holing [sic] defendant’s penis in public view.”
Penal Law § 245.00 (a) states: “A person is guilty of public lewdness when he . . . intentionally exposes [his] private or intimate parts of his . . . body in a lewd manner or commits any other lewd act: (a) in a public place.”
Penal Law § 245.01 states: “A person is guilty of exposure if he appears in a public place in such a manner that the private or intimate parts of his body are unclothed or exposed.”
The defendant argues that the accusatory instrument fails to show that the defendant exposed his penis in a lewd manner or committed any lewd acts, contending first that it is unclear *615 whether the defendant exposed his genitalia, and then that no allegation of an overtly sexual lewd act has been presented. Furthermore, the People fail to show lewd conduct from which the intention to act in a lewd manner can be drawn (citing People v Ventrice, 96 Misc 2d 282 [Crim Ct, Queens County 1978]).
In opposition, the People filed a superseding information but still maintain that the initial accusatory instrument supports a charge pursuant to Penal Law § 245.00 (a) in that the People have alleged the requisite facts of an intentional, lewd act in a public place. The People contend that facial sufficiency may be grounded in circumstantial evidence as long as a reasonable basis is provided from which the most logical inference is found that the defendant did engage in the charged crime (citing People v Deegan, 69 NY2d 976, 979 [1987]; People v Gibble, 2 Misc 3d 510 [Crim Ct, NY County 2003]). Furthermore, the People attempt to distinguish the decision/order in People v Arthur (Crim Ct, Kings County, Jan. 13, 2014, Antignani, J., docket No. 2014KN033386), in which the court dismissed the charge of public lewdness (Penal Law § 245.00 [a]).[3]
Upon review of the People’s letter of December 16th and the superseding information, this court directed the People to confirm receipt of the letter by the defendant’s counsel, whereupon the defendant was given an opportunity to respond. The defendant has not responded to the letter nor to the People’s opposition papers, and thus the defendant does not address the timely filing of the superseding information. Nevertheless, the court notes that the defendant was arraigned on June 25, 2015. The People filed a statement of readiness off calendar on July 17th. On August 11th, the case was adjourned to October 6th at which time the People served their discovery and announced ready. Defendant filed his motion on October 21, 2015. Accordingly, the court finds 22 days are chargeable to the People (June 25th to July 17th), well within the 90-day time limitations prescribed by CPL 30.30 (1) (b), the highest charge in the complaint being an A misdemeanor (see also CPL art 100).
In reviewing an accusatory instrument for facial sufficiency, the court should give it a fair and not overly restricting read *616 ing, so long as the factual allegations of the information give the accused sufficient notice to prepare a defense, and are adequately detailed to prevent a defendant from being tried for the same offense (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Allen, 92 NY2d 378 [1998]). Furthermore, at the pleading stage, all that is required is that the factual allegations are sufficiently evidentiary in character and tend to support the charges (People v Villarreal, 27 Misc 3d 269, 270 [Crim Ct, Queens County 2009], citing People v Allen, 92 NY2d 378 [1998]).
The prima facie requirement for an information is a lower threshold than the burden of proof beyond a reasonable doubt required at trial (People v Henderson, 92 NY2d 677, 680 [1999]). However, a misdemeanor information must demonstrate both reasonable cause and a prima facie case (see People v Alejandro, 70 NY2d 133, 138 [1987]). The People’s prima facie burden is still “not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial” (People v Kalin, 12 NY3d 225, 230 [2009] [internal quotation marks omitted], citing People v Henderson, 92 NY2d at 680).
If the evidence is circumstantial, it is sufficient if the logical circumstances which flow from the allegations supply proof of every element of the crimes charged, and any guilt of the commission of the crime can be rationally inferred (see e.g. People v Deegan, 69 NY2d 976, 978 [1987] [in rejecting the “moral certainty” test of the lower court, the Court held where evidence to support an indictment is legally sufficient if the competent evidence which, if accepted as true, would establish every element of the charged offense], citing People v Jennings, 69 NY2d 103 [1986], and CPL 70.10 [1]; see also People v Wu Cheng, 4 Misc 3d 377 [Crim Ct, NY County 2004]; People v Cooks, 230 AD2d 683 [1st Dept 1996] [discussing sufficiency of evidence before a grand jury]).
Reasonable cause exists when “evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]).
Lewd has been defined as obscene or indecent; tending to moral impurity or wantonness, while lewdness has been *617 defined as “[g]ross, wanton, and public indecency that is outlawed by many state statutes; a sexual act that the actor knows will likely be observed by someone who will be affronted or alarmed by it” (Black’s Law Dictionary 927 [8th ed 2004]). The legislature, in promulgating Penal Law § 245.00, declined to narrowly define “lewd manner,” “lewd act,” and “public place.” However, the Court of Appeals did hold that a lewd act performed in a public place as a place “where the objective circumstances establish that lewd acts committed there can, and likely would, be seen by the casual passerby, whose sensibilities the statute seeks to protect” (People v McNamara, 78 NY2d 626, 633-634 [1991] [emphasis added]).
Where a juvenile delinquent disparaged and cursed the complaining witnesses, stood on a public street, exposed and grabbed and waived his penis at the complainants, and shouted, “stare at this,” the Court noted that these acts would constitute public lewdness had they been committed by an adult (Matter of Jeffrey V., 185 AD2d 241, 242 [2d Dept 1992]). The court found “exactly the kind of behavior which the Legislature intended to encompass [in] the phrase ‘any other lewd act’ ” where the defendant stroked his covered penis in public, in addition to rubbing it against the clothed buttocks of several females in public (People v Darryl M., 123 Misc 2d 723, 726 [Crim Ct, NY County 1984]). Likewise, the defendant’s act of moving her hips in a “sexual” manner while standing naked from her waist down in front of a restaurant was sufficient to support a conviction of lewdness in Manhattan in the presence of onlookers (People v Topy, 2002 NY Slip Op 50106 [U] [App Term, 1st Dept 2002]). The act of the defendant “exposing his penis in open public view towards informant in that the informant observed the defendant rubbing his exposed penis” was also adequate for the court to note facial sufficiency for Penal Law § 245.00 (a) purposes (if the case had not been dismissed under CPL 30.30) (People v Arthur, slip op at 4).
The legislature and, to a great extent, the courts have failed to define “lewd” (except by general examples as noted in decisions referenced hereinabove); therefore, this court looks to analogous definitions of obscenity under the law. Like obscenity cases (Penal Law § 235.00), the court finds that acts are lewd as measured by the average citizen applying contemporary community standards (Penal Law § 235.00 [1]) when the defendant’s intentional, public deeds that involve some form of exposure or emphasis on his private or intimate parts of his *618 body offend the citizens’ public sensibilities (Penal Law art 245). Contemporary community standards have been interpreted to encompass the standards of each individual state on a statewide level (see Miller v California, 413 US 15, 33 [1973] [holding that a jury in Orange County, California, should be guided by the contemporary standards of the State of California as it impacts on an average person, rather than on a particularly susceptible or sensitive person or a totally insensitive person]; see also People v Heller, 33 NY2d 314, 323 [1973] [“it becomes clear that the obscenity statute in any given State will be applied with uniformity Statewide through the construction given it by the appellate courts”]).
The original information does not contain the actual word “public,” but this court finds the facts clearly state that the events, which occurred on a public street, initially among four other people and which drew a crowd, set forth the prima facie requirement under the statute (see also People v Ross, 50 Misc 3d 1223[A], 2016 NY Slip Op 50241 [U] [Crim Ct, NY County 2016] [where the information identifies the acts of lewdness taking place on the subway]).[4] Thus, at least for CPL 30.30 and timeliness purposes, the initial accusatory information is facially sufficient.
By filing a superseding information in response to the defendant’s motion, the issue becomes the sufficiency of the superseding information (see People v McDonald, 179 Misc 2d 479 [Crim Ct, NY County 1999]; see People v Fishman, 44 Misc 3d 1208[A], 2014 NY Slip Op 51059[U] [Crim Ct, Kings County 2014]). A plain reading of the superseding information in which the deponent/arresting officer again alleges that on a public sidewalk in the presence of a crowd the defendant pulled down his pants exposing his penis, and began yelling “suck my dick” while holding his penis in public view, also provides reasonable cause to believe that the defendant has violated Penal Law § 245.00 (a). In light of the allegations presented in the superseding information (and a plain reading of both informations viewed independently), the court will not ignore common sense or the significance of the alleged conduct (People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000]).
*619 Accordingly, the court finds that the superseding information is facially sufficient. Defendant’s motion to dismiss the charge of public lewdness under Penal Law § 245.00 (a) is denied.

. The charge of exposure of a person was added to a superseding information dated and served on December 16, 2015.

. The People filed and served a statement of readiness on July 17, 2015.

. In fact, that court found the first accusatory instrument to be facially insufficient in that it did not properly plead lewdness in a public place, and dismissed the second accusatory instrument not on facial insufficiency but because it was filed well beyond the 60-day CPL 30.30 (1) (c) period.

. The information, found to be facially sufficient, involves lewd incidents involving the defendant’s covered private parts and takes place on the subway, reasonably interpreted as a public place.